UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE KING,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN JOHNSON, et al.,<br><br>Respondents. | Civ. No. 16-0654 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, George King, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court is respondents' motion to dismiss the habeas petition as untimely. For the following reasons, the motion to dismiss will be granted.

## II. BACKGROUND

Mr. King pled guilty in 2004 to aggravated manslaughter, possession of a weapon for an unlawful purpose, and resisting arrest. On the aggravated manslaughter conviction, he was sentenced to a twenty-five year prison term subject to an eighty-five percent period of parole ineligibility. He also received a concurrent five-year sentence for resisting arrest. The weapons possession conviction merged into the others for sentencing purposes.

Mr. King moved for resentencing. On April 28, 2006, Mr. King received the same sentence. He did not file a direct appeal.

On December 22, 2009, Mr. King filed a petition for post-conviction relief ("PCR"). The Superior Court of New Jersey, Law Division, Essex County, denied that PCR petition on June 24, 2010. Mr. King appealed that decision to the New Jersey Superior Court, Appellate Division. (*See* Dkt. No. 9-1 at p.31) On March 23, 2012, the Appellate Division affirmed the denial of the PCR petition in a written decision. (*See id.* at p.35-39) The New Jersey Supreme Court denied certification on October 5, 2012. *See State v. King*, 212 N.J. 287 (2012).

On August 23, 2013, Mr. King filed a second PCR petition. That petition was denied on November 27, 2013. On January 28, 2015, the Appellate Division affirmed. (*See* Dkt. No. 9-1 at p.43-44) Thereafter, on July 10, 2015, the New Jersey Supreme Court denied certification. (*See id.* at p.46)

Mr. King's federal habeas petition is deemed filed as of January 21, 2016.[1] On October 7, 2016, Respondents filed a motion to dismiss the habeas petition as untimely. (*See* Dkt. No. 9) Thereafter, Mr. King filed a motion for extension of time to file his response to the motion to dismiss. (*See* Dkt. No. 10) Good cause being shown, the motion for an extension of time is granted and his response to the motion to dismiss, filed November 9, 2016, will be accepted. Respondents did not file a reply in support of their motion to dismiss.

### III. DISCUSSION

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of

---

[1] I follow the so-called "prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.")

2

direct review. If direct review is not sought, the judgment becomes final at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review).

Mr. King was resentenced on April 28, 2006.[2] New Jersey Court Rule 2:4-1(a) gave Mr. King forty-five days from that date to file an appeal to the New Jersey Superior Court, Appellate Division. However, Mr. King did not file a direct appeal. His judgment of conviction therefore became final on July 12, 2006. The one-year limitations period, unless tolled, would therefore have expired on July 12, 2007. Mr. King did not file his federal habeas petition until January 21, 2016. Therefore, unless the one-year limitations period is tolled, Mr. King's habeas petition is untimely.

A. Statutory Tolling

The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing

---

[2] This Court will use the date of the resentencing in April, 2006, as opposed to the date of the original sentencing in 2004, as the operative date to determine when Mr. King's judgment of conviction became final. *See Douglas v. Phelps*, 10-0519, 2014 WL 1116984, at *2 (D. Del. Mar. 17, 2014) ("In cases involving re-sentencing, the petitioner's judgment becomes final, and AEDPA's limitations period begins to run, from the date on which direct review of the re-sentencing or amended sentence expires.") (citing *Burton v. Stewart*, 549 U.S. 147 (2007); *Cochran v. Phelps*, 600 F. Supp. 2d 603, 607 (D. Del. 2009)). In any event, applying this later date, Mr. King's federal habeas petition is still untimely for the reasons discussed *infra*.

3

filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed *during* the one year limitations period will suspend its running; a PCR petition filed *after* the expiration of the one year limitations period, however, will not revive it. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (Statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo* No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

When Mr. King filed his first PCR petition on December 22, 2009, statutory tolling was not available. The one-year federal habeas statute of limitations period had already expired over two years previously, on July 12, 2007.

B. Equitable Tolling

Mr. King argues that he is entitled to equitable tolling because of mental illness. Mr. King states that he has suffered from extreme mental illnesses since he was nine years old. He explains that he has been diagnosed with Schizophrenia, Bipolar Disorder, Schizoaffective Disorder, Major Depression, Atypical Psychosis, and Personality Disorders. He claims that these disorders make him unable to understand his legal rights or institute legal actions on his own behalf.

A petitioner may be able to overcome a time bar if he can show a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

Mental illness is not *per se* a basis for equitable tolling. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by, Carey v. Saffold*, 536 U.S. 214 (2002). "For tolling to be appropriate, "'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Champney v. Sec'y Pa. Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012) (citing *Nara*, 264 F.3d at 320; *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010). In determining whether the mental illness constitutes an extraordinary circumstance for tolling the statute of limitations, the court will consider a non-exhaustive list of factors, such as:

> "(1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal materials which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications."

5

*Champney*, 469 F. App'x at 118 (*quoting Passmore v. Pennsylvania*, No. 08-0705, 2008 WL 2518108, at *3 (M.D. Pa. June 19, 2008) (citing *McCray v. Oxley*, 553 F. Supp. 2d 368, 372 (D. Del. 2008))). Additionally, some courts have noted that "[a] mental condition which burdens but does not prevent a petitioner from meeting timely filing requirements does not constitute 'extraordinary circumstances' for the purposes of equitable tolling." *Martin v. Giroux*, No. 11-6229, 2013 WL 3819431, at *3 (E.D. Pa. July 23, 2013) (citing *United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003)) (footnoted omitted).

It does not appear from the papers before me that Mr. King was ever adjudicated incompetent. Mr. King attaches medical records and documents, but none of them indicate that he was declared incompetent, or that he was institutionalized, after his judgment became final in July 2007. All other things being equal, I might require further evidence as to Mr. King's mental capacity in the relevant period.

But all other things are not equal. Before filing his federal habeas petition, Mr. King filed two PCR petitions. He filed one on December 22, 2009. When all appeals were exhausted on that one, he filed a second on August 23, 2013. Thus he was not disabled from filing legal claims and petitions; he did file them. Clearly there were no extraordinary circumstances warranting nine years' worth of equitable tolling, until 2016. *See, e.g., Bumpas v. Elrich*, No. 15-5450, 2016 WL 8606249, at *3 n.3 (E.D. Pa. Oct. 31, 2016) ("[A]ny claim that Bumpas's alleged mental illness justifies equitable tolling would be undermined by his filing four PCRA petitions after his conviction.") (citation omitted), *report and recommendation adopted by* 2017 WL 1105650 (E.D. Pa. Mar. 24, 2017); *Kim v. Cameron*, 2016 WL 1623426, at *5 (E.D. Pa. Apr. 25, 2016) (petitioner's filing of PCR petitions in state court illustrates that he was capable of filing a proper

and timely motion such that his claim of mental illness does not constitute extraordinary circumstance to equitably toll statute of limitations).

In an abundance of caution, I consider whether this federal habeas petition would be timely if all of the time *prior* to the filing of the first PCR were tolled. It would not. Assume that such tolling would render the first PCR timely (in the sense of falling within the habeas limitations period). If so, then the pendency of the PCR would suspend further running of the one-year habeas limitations period until it was finally resolved. The first PCR was finally resolved on October 5, 2012. The habeas limitations period then began running again, and it ran until the second PCR was filed on August 23, 2013—a period of 322 days, leaving 43 days to go.[3] Assume further that the one-year habeas period was suspended during the pendency of this second PCR petition, *i.e.*, until July 10, 2015. At that point, the balance of the habeas period that remained was 43 days. But Mr. King did not file his federal habeas petition until 190 days later, on January 21, 2016. So even on a series of highly favorable and doubtful assumptions favoring equitable tolling, this habeas petition would be untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

---

[3] Mr. King asserts that this period of 322 days should not be counted against his federal one-year statute of limitations because his second PCR petition is an appeal of the first one. (*See* Dkt. No. 11 at p.7) In support of this argument, he cites to *Carey*, 536 U.S. 214. However, in *Carey*, the Supreme Court held that a PCR petition is pending during the intervals between a lower court's entry of judgment and the timely filing of a notice of appeal to the higher court. *See id.* at 219-21. *Carey* does not stand for the proposition as Mr. King claims that the statute of limitations should be tolled between when the New Jersey Supreme Court denied certification on his first PCR petition and when he filed his second PCR petition. During this 322 days, Mr. King had no "pending" PCR petition. Therefore, this time is appropriately counted.

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons discussed above, Mr. King has not met this standard as his habeas petition is untimely. Therefore, I will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, respondents' motion to dismiss the habeas petition as untimely will be granted. A certificate of appealability shall not issue. An appropriate order will be entered.

DATED: May 1, 2017

KEVIN MCNULTY
United States District Judge